UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 1 2 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Jamison Stiriling )
)
        Plaintiff, )
)            Case No.
-VS- )
)
Automania, Inc. a/k/a Andes Auto )        **1 :2 4-CV-3558**
Finance, LLC )            Jurisdiction:
)
        Defendant. )            15 U.S.C. § 1681s-2
Serve At: )            28 U.S.C. § 1331
1806 Veterans Memorial Hwy )
Austell, GA 30168 )            Trial By Jury Requested
)

## COMPLAINT FOR DAMAGES

COMES NOW Jamison Stiriling, Plaintiff, *pro-se*, for cause of action against Defendant Automania, LLC, a/k/a Andes Auto Finance, LLC ("Automania"). In support thereof, the Plaintiff states the following:

### PARTIES

1. The Plaintiff is a resident of Fulton County and a citizen of St. Louis, Missouri.

2. Defendant Automania is incorporated in the State of Georgia and in good standing.

3. Andes Auto Finance, LLC is a limited liability company registered in the State of Georgia and in good standing.

4. Defendant's principal place of business is 1806 Veterans Memorial Drive, Austell, Georgia 30168.

5. Andes Auto Finance, LLC's principal place of business is 1806 Veterans Memorial Drive, Austell, Georgia 30168.

6. Upon information and belief, Alessa Bradshaw is the General Manager of both Automania, Inc. and Andes Auto Finance, LLC., however, Alessa Bradshaw is not named as a party in this action in her official capacity or otherwise.

### JURISDICTION

7. This action is brought pursuant to 28 U.S.C. § 1331, wherein federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

8. Federal question jurisdiction is established pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., as Plaintiff's complaint asserts a claim under this federal statute.

### ALLEGATIONS COMMON TO ALL COUNTS AND PARTIES

9. On or about March 19, 2022, the Plaintiff is purported to have finance a vehicle with Defendant Automania (Andes) carrying the financing in house.

10. Shortly after the vehicle was purportedly purchased by Plaintiff, a dispute as to the vehicles warranty arose between the parties, the Plaintiff stopped making payments and Defendant sought to have the vehicle repossessed.

### COUNT I
### (Wrongful Repossession)

11. Defendant, through the use of a third party, attempted for more than 30 days to locate the vehicle for repossession.

12. After being unsuccessful in locating the vehicle, Defendant's General Manager

Alessa Bradshaw applied for a warrant for the Plaintiff's arrest in the magistrate court of Cobb County, on or about May 15th, 2022, in case number 22-WA-327, alleging that Plaintiff violated O.C.G.A. § 16-9-51.

13. Defendant through Alessa Bradshaw agreed to withdraw the application for warrant only if Plaintiff surrendered the vehicle to the Defendant.

14. On or about June 23, 2022, the Plaintiff surrender the vehicle by leaving it in front of Defendant's gate at 1806 Veterans Memorial Drive, Austell, Georgia 30168.

15. Defendant's General Manager Alessa Bradshaw acknowledged receipt of the vehicle by email on June 23, 2022.

16. Sometime after Plaintiff surrendered the vehicle, Alessa Bradshaw withdrew Defendant's request for a warrant for Plaintiff's arrest.

17. Wrongful repossession occurs when the repossession is accompanied by a wrongful act, which is defined as an act that is in contravention of some legal duty owed to the party from whose possession the vehicle is being taken.

18. Defendant was only able to take possession of the vehicle in question without judicial process only if the repossession proceeded without a breach of the peace.

19. A breach of the peace may consist of either actual physical force or constructive force, such as threats of violence or intimidation to compel the submission of a debtor against his will.

20. By applying for a warrant for Plaintiff's arrest, Defendant engaged in constructive force, thereby breaching the peace.

21. The threat of arrest through the warrant application coerced Plaintiff into an involuntary repossession of the vehicle.

22. The threat of force, arrest, or coercion of Plaintiff by Defendant rendered the repossession of the subject vehicle involuntary.

23. Defendant's acts of engaging in constructive force, as set forth herein, thereby breached the peace and rendered any repossession by such Defendant wrongful.

24. Plaintiff alleges that Defendant's wrongful repossession of Plaintiff's vehicle resulted in substantial damages, including economic damages like the loss of the vehicle itself, towing and storage fees, lost wages from lack of transportation to work, and damage to Plaintiff's credit and reputation.

25. Plaintiff also suffered non-economic damages due to emotional distress, inconvenience, and disruption to daily life caused by the wrongful repossession.

26. Under O.C.G.A. § 11-9-625, a debtor is entitled to recover damages for losses caused by a secured party's failure to comply with Article 9 of Georgia's Uniform Commercial Code.

27. Defendant reached the peace by using threats and intimidation to repossess the vehicle without Plaintiff's consent.

28. Defendant knew or should have known Defendant's actions as set forth herein would harm the Plaintiff.

29. Defendant took such action willfully and maliciously, with the intent to harm the Plaintiff.

30. Plaintiff is therefore entitled to compensatory damages, as well as punitive damages, costs, and reasonable attorney's fees resulting from Defendant's willful violation of Georgia law governing secured transactions.

## COUNT II
### (Violation of O.C.G.A. § 10-1-36(a))

31.  Realleges 1-30 herein.

32.  Following the repossession, Defendant failed to notify Plaintiff of the right
to redeem the vehicle within ten days as required by O.C.G.A. § 10-1-36(a).

33.  Defendant also failed to notify Plaintiff of the intention to pursue a
deficiency claim, the amount the vehicle was sold for, and the manner in which the vehicle
was sold, as required by O.C.G.A. § 10-1-36(a).

34. Defendant failed to comply with O.C.G.A. § 10-1-36, and therefore is
precluded from collecting a deficiency from the Plaintiff following the sale of the
Plaintiff's vehicle.

35. Defendant, in violation of O.C.G.A. § 10-1-36, has attempted to collect
the deficiency balance of $15,684.00, by placing such balance as an outstanding debt on
one or more of Plaintiff's credit reports.

36.  The actions of Defendant, as set forth herein, resulted in substantial
damages, including economic damages like the loss of the vehicle itself, towing and
storage fees, lost wages from lack of transportation to work, and damage to Plaintiff's
credit and reputation.

37. Defendant knew or should have known Defendant's actions as set forth herein
would harm the Plaintiff.

38. Defendant took such action willfully and maliciously, with the intent to harm
the Plaintiff.

39.  Plaintiff is therefore entitled to compensatory damages, as well as punitive

damages, costs, and reasonable attorney's fees resulting from Defendant's willful violation
of Georgia law governing secured transactions.

### COUNT III
### (Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 ("CRA"))

40. Realleges 1-39 herein.

41. Defendant is a data furnisher under the CRA.

42. The CRA imposes specific duties on furnishers of information, such as
Defendant, to ensure the accuracy and completeness of the information they provide to
consumer reporting agencies.

43. Under 15 U.S.C.S. § 1681s-2(a)(1)(A), furnishers, including Defendant, must
not report information if they know or have reasonable cause to believe that the
information is inaccurate.

44. If Defendant learns that the information they have provided is inaccurate, they
must notify the reporting agency and cease furnishing the inaccurate information.

45. If a consumer disputes the accuracy of information, the furnisher is required to
conduct an investigation, review all relevant information provided by the consumer
reporting agency, and report the results of the investigation back to the agency.

46. If the investigation finds that the information is incomplete or inaccurate, the
furnisher must modify, delete, or permanently block the reporting of that information.

47. Beginning in the early part of 2024 and continuing until May of 2024, the
Plaintiff, or Plaintiff's representative on behalf of the Plaintiff, notified Defendant of
inaccuracies in Defendant's reporting to one or more of the credit bureaus.

48. The Plaintiff advised Defendant of the following inaccuracies:

(a) Defendant was (is) reporting such vehicle as repossessed when such was surrendered involuntarily as a result of threats by Defendant, as set forth in Count I, and realleged herein; and

(b) Defendant was (is) reporting an unpaid deficiency balance of $15,684.00, after Defendants lost the right to collect such deficiency balance by failing to comply with O.C.G.A. § 10-1-36, as set forth in Count II, and realleged herein; and

(c) Defendant has and continues to report such account "Open" which Defendant closed or should have closed more than 2 years ago; and

(d) Defendant has and continues to report a repossession ("R") each month since July of 2022, giving the impression such vehicle has been repossessed monthly more than twenty-three (23) times; and

(e) Defendant has and continues to report the account as "At least 120 days or more than 4 payments past due," when Defendant lost the right to collect any purported deficiency before such "payment" was more than sixty (60) days past due on such closed account.

49.  Such inaccurate reporting was last reported to Equifax in June 0f 2024.

50.  Although Defendant has been advised on multiple occasions of such inaccuracies in Defendant's reporting to one or more credit bureaus, the Defendant has refused to correct the same.

51.  The FCRA requires that information reported to credit reporting agencies be both technically accurate and not misleading.

52.  The reporting the same event by the Defendant, such as a the purported

repossession, on a recurring basis, is misleading because it creates the impression that the event occurred multiple times, which is not accurate.

53. The actions of Defendant, as set forth herein, resulted in substantial damages, including economic damages like the loss of the vehicle itself, towing and storage fees, lost wages from lack of transportation to work, and damage to Plaintiff's credit and reputation and the denial of the Plaintiff for other credit approvals or opportunities.

54. Defendant knew or should have known Defendant's actions as set forth herein would harm the Plaintiff.

55. Defendant took such action willfully and maliciously, with the intent to harm the Plaintiff.

56. Plaintiff is therefore entitled to compensatory damages, as well as punitive damages, costs, and reasonable attorney's fees resulting from Defendant's willful violation of Georgia law governing secured transactions.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Automania, Inc a/k/a/ Andes, LLC jointly and serval as follows:

**FOR** more than Seventy-Five Thousand Dollars ($75,000.00) in actual damages to be determined by a jury; and

**FURTHER** for Two Hundred and Twenty-Five Thousand Dollars ($75,000.00) in Compensatory Damages, including pain and suffering, lost wages, and loss of economic opportunity; and

**FURTHER** for One Million Five Hundred Thousand Dollars ($1,500,000.00) in punitive damages; and

**FURTHER** for an Order directing Defendant to correct its credit reporting on the subject account as follows:

   a.  Report the Account in Question Closed; and

   b.  Report the account balance as zero dollars ($0), pursuant

       to O.C.G.A. § 10-1-36 ; and

   c.  Remove any reference to a repossession; and

   d.  Remove any reported delinquent payments after June of 2022; and

**FURTHER** for the maximum statutory damages as allowed by Fair Credit Reporting Act; and

**FURTHER** for all attorney's fees, costs and expenses associated with this action, including prejudgment interest; and

**FURTHER** for such other relief as the Court deems proper and just.

The Plaintiff requests trial by jury.

Respectfully,

/s/Jamison Stiriling
Jamison Stiriling
Plaintiff, *pro-se*
2221 Peachtree Road NE
D467
Atlanta, GA 30309